IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA CLIGGETT** | : | CIVIL ACTION |
| Petitioner, | : | |
| vs. | : | NO. 05-583 |
| | : | |
| **JO ANNE B. BARNHART,** Commissioner | : | |
| of Social Security Administration | : | |
| Defendant. | : | |

**DUBOIS, J.**                                                                                            **SEPTEMBER 20, 2005**

## MEMORANDUM

Plaintiff, Patricia Cliggett, brought this action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff, a registered nurse, claims that she is disabled as a result of a back injury.

The parties filed Cross-Motions for Summary Judgment which were referred to United States Magistrate Judge Jacob P. Hart for a report and recommendation. Magistrate Judge Hart recommended that the Commissioner's Motion be granted and that plaintiff's Motion be denied. Plaintiff filed Objections to the Report and Recommendation. For the reasons stated below, plaintiff's Objections to the Report and Recommendation are sustained, the Report and Recommendation is rejected, plaintiff's cross-Motion for Summary Judgment is granted in part and denied in part, the Commissioner's Cross-Motion for Summary Judgment is denied, the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum, and judgment is entered in favor of plaintiff and against the Commissioner.

**I.  BACKGROUND**

The background is set forth in detail in Magistrate Judge Hart's Report and Recommendation dated August 15, 2005, and will be repeated in this Memorandum only where necessary to address the issues presented.

Plaintiff was born on January 27, 1955.  She completed two years of college and worked for 14 years as a registered nurse.  She injured her back on March 7, 1994, while moving a patient, and stopped working one day later.

Plaintiff filed an application for Social Security benefits on January 20, 1999.  Her claim was denied initially and upon reconsideration.  Plaintiff then requested a de novo hearing before an Administrative Law Judge ("ALJ").  Following a hearing on May 16, 2000, the ALJ denied plaintiff's clam.  She then filed a request for review with the Appeals Council on September 6, 2000.  On December 16, 2004, the Appeals Council denied plaintiff's request for review.  Thus, the ALJ's decision is the final decision of the Commissioner.

**II.    LEGAL STANDARDS**

The role of the Court on judicial review of the Commissioner's decision is to determine whether it is supported by substantial evidence.  Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 1285 (3d Cir. 1985).  Substantial evidence is defined as the relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence.  Ginsburg v. Richardson, 436 F.2d 1146,

1148 (3d Cir. 1971), cert. denied, 402 U.S. 976 (1971); Jones v. Harris, 497 F. Supp. 161, 167 (E.D. Pa. 1980). "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951). "[T]he evidence must be sufficient to support the conclusion of a reasonable person after considering the evidentiary record as a whole, not just the evidence that is consistent with the agency's finding." Id. at 1190. Apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

A district court makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> (I) At the first step, we consider your work activity if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your Impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (iv). At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do

your past relevant work, we will find that you are not disabled. (v). At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (references to other regulations omitted).

### III. THE ALJ'S DECISION

In her decision, the ALJ found that plaintiff suffered from the back-related severe impairments of residuals of a discectomy and a laminectomy; right lower extremity radiculopathy; and left L5 spondylolysis. She decided, however, that plaintiff retained the Residual Functional Capacity ("RFC") to perform light work. Based on the testimony of a vocational expert, she further found that plaintiff could engage in about 40% of the 48 different light and sedentary jobs which exist in significant numbers in the nursing field, and determined that plaintiff was not disabled.

### IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff argues in her Motion for Summary Judgment that (1) the epidural fibrosis from which she suffers in her back meets Listing 1.08; (2) the ALJ failed to give the appropriate weight to the testimony of her treating physician, Dr. Lam, and selectively picked notes out of Dr. Lam's records; (3) the Social Security Administration ("SSA") should have acknowledged and reviewed certain new evidence submitted by counsel during the appeals process; and, (4) the ALJ improperly failed to credit plaintiff's testimony.

### V. PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff filed Objections to the Report and Recommendation of the Magistrate Judge on

August 25, 2005. In the Objections, she argues as follows:

    1. The Commissioner was obligated at the Appeals Counsel level to apply the new Listing 1.08. On that issue, the Magistrate Judge adopted the Commissioner's position that because Listing 1.08 became effective on February 18, 2002,[1] more than one year after the ALJ's decision of July 25, 2000, the Appeals Council was not required to apply Listing 1.08;

    2. The ALJ did not acknowledge the existence of "epidural fibrosis" as a significant impairment, whereas the Magistrate Judge noted that "epidural fibrosis" explains much of plaintiff's significant complaints of pain;

    3. The Magistrate Judge erroneously assumed that new Listing 1.04 was an exact equivalent of old Listing 1.05. This Objection relates to plaintiff's compromise of a nerve root, and arachnoiditis, a from of soft tissue growth on the spine. Plaintiff argues in the Objections that old Listing 1.05, utilized by the ALJ, does not mention either "compromise of a nerve root," or "arachnoiditis"; and,

    4. The Magistrate Judge failed to adequately evaluate numerous other contentions which form the basis of plaintiff's argument that the Commissioner failed to satisfy her strict burden to rebut plaintiff's *prima faci*e case for disability.

    Plaintiff's Objections essentially focus on whether the Appeals Council and the ALJ properly considered plaintiff's epidural fibrosis at step three of the sequential evaluation process. The Commissioner, in response to plaintiff's Objections, argued that plaintiff failed to discuss whether her condition actually satisfied any Listing as required by 20 C.F.R.§ 404.1512(a), and that her disability was properly considered under old Listing 1.05. The Commissioner also responded to each of plaintiff's Objections.

---

[1] It appears that the Listing became effective on February 19, 2002.

## VI.     DISCUSSION

Epidural fibrosis is a condition in which internal scar tissue from earlier surgeries impinges upon the spinal nerve roots. In Section IVA of the Report and Recommendation, the Magistrate Judge decided against Plaintiff on her argument that the ALJ should have considered her epidural fibrosis under Listing 1.08, rather than under Listing 1.04, which is entitled "Spinal Disorders."

The Magistrate Judge rejected plaintiff's arguments on two grounds. First, he accepted the Commissioner's argument that the ALJ could not have erred in failing to consider Listing 1.08, since it did not become effective until approximately a year and a half after the ALJ's decision. On this issue, plaintiff attached to her Objections material pertaining to a different rule change entitled "Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria," found at 66 Federal Register 58011, in which the Social Security Administration wrote: "As is our usual practice when we make changes to our regulations, we will apply these final rules to the claims of applicants for benefits that are pending at any stage of our administrative review process." 66 Fed. Register 58011.

On that issue raised by plaintiff, the Court of Appeals for the Third Circuit wrote in a case involving the interpretation of Listing 1.08:

> [W]e are presented with a regulation whose application to the case before us has not been considered by the agency. If it is determined that the new regulation is more favorable to the claimant than the original version, she should be entitled to rely on the more expansive construction. See Niesse v. Shalala, 17 F.3d 264, 267 (8th Cir. 1994); Dean v. Gardner, 393 F.2d 327, 330 (9th Cir. 1968).

Coppola v. Barnhart, 99 Fed. Appx. 365, 2004 WL 1088368 (3d Cir. 2004).[2]

---

[2]The Coppola decision is non-precedential. Although not binding on the Court, this Court finds it instructive.

The foregoing authority, not presented to the Magistrate Judge, makes clear that, when final changes to Social Security regulations are made, the new regulations should be applied to claims of applicants for benefits that are pending at any stage of the administrative review process. If a new regulation is more favorable to a claimant than the original version, the claimant should be entitled to rely on the new regulation.

Listing 1.08 had been adopted at the time of the review by the Appeals Council. Under those circumstances, the Court concludes that the first ground on which the Magistrate Judge relied for denying remand - the fact that Listing 1.08 was not in effect at the time of the hearing before the ALJ - is erroneous.

With respect to the second basis for the Report and Recommendation, the Magistrate Judge wrote:

> I note ... that it is doubtful that scar tissue on the spine would constitute a Soft Tissue Injury in the same category as a burn, rather than a Disorder of the Spine under 1.04. Listing 1.04A focuses on "compromise of a nerve root," which is the pain-causing component of epidural fibrosis. Further arachnoiditis, another form of soft tissue growth on the spine, is specifically dealt with in 1.04B.

Report and Recommendation at 5.

Plaintiff points out in her Objections that Listing 1.04 is actually a newer version of Listing 1.05, which addressed spinal disorders when her case was decided. The two Listings are not identical. The older version, Listing 1.05, mentioned neither "compromise of a nerve root" nor "arachnoiditis." Therefore, it was improper for the Magistrate Judge to rely on Listing 1.04 in deciding that plaintiff's epidural fibrosis was properly considered under that listing for a spinal impairment.

Notwithstanding plaintiff's argument on this issue, and the distinction between Listing 1.04 and Listing 1.05, there is authority for the proposition that epidural fibrosis is a spinal

disorder, even under Listing 1.05, and not a soft tissue injury. In Cadillac v. Barnhart, 84 F. Appx. 163, 2003 WL 22937950 (3d Cir. 2003), a claimant's back pain "probably secondary to epidural fibrosis" was considered only under Listing 1.05. This Court found no cases reported to Westlaw in which arachnoiditis was at issue. However, several cases in which a claimant's ailment has been described as the compromise of a nerve root were considered under Listing 1.05. Rice v. Barnhart, 384 F.3d 363 (7th Cir. 2004); Lily v. Commissioner of Social Security, 2001 WL 1822680 (W.D.N.Y. Dec. 27, 2001). Moreover, the only case found by the Court which employs new Listing 1.08 concerned a shoulder injury. Arsenault v. Barnhart, 2004 WL 1013381 (D.N.H. May 4, 2004).

Taking all of the foregoing into consideration, the Court concludes that the case should be remanded so as to give the Commissioner an opportunity to set forth her position on the applicability of Listing 1.08 to epidural fibrosis. The decision to remand is informed by Coppola. That case involved the changes made by Listing 1.08 in the former listing regarding soft tissue damage. The Coppola Court declined to comment on the scope of Listing 1.08, writing:

> [G]iving due deference to the administrative process, we will direct that the case be remanded to the Social Security Administration for its interpretation of section 1.08. We intimate no view on how the issue should be determined.

Coppola, supra, at 367. Relying on Coppola, the Court concludes that it is preferable to let the Social Security Administration consider the applicability of Listing 1.08 to this case before the Court decides that issue.

## VII. CONCLUSION

For all of the foregoing reasons, the case is remanded to the Commissioner for further proceedings consistent with this Memorandum. Plaintiff's Cross-Motion for Summary Judgment

is granted to the extent that it seeks a remand and is denied in all other respects. The Commissioner's Cross-Motion for Summary Judgment is denied. Judgment is entered in favor of plaintiff and against the Commissioner.

Appropriate Orders follow.